Filed Feb. 2, 1892.

---

No. 242.

## EVERMAN v. HYMAN.

REPLEVIN.—*Reward for Stolen Horse.*—*Rights of Finder.*—*Judgment for the Reward.*—*Effect of on Finder's Right to Retain Possession.*—Where a horse was stolen and the owner offered a' reward for the return of the same, and the defendant found the horse after it was stolen, but refused to allow the owner to take full and exclusive possession of the same unless the reward promised was paid, and thereafter sued the owner and recovered judgment for the reward, he had the right to retain the possession of the horse until the judgment was paid, and the owner was not entitled to replevy the same.

SAME.—*Action Before Justice.*—*Form of Judgment.*—*When Defendant Prevails.*—*Appeal to Circuit Court.*—In the trial of actions in replevin before justices of the peace, where the property has been delivered to the plaintiff under the writ, if the cause be dismissed, or the defendant prevail upon the trial, the judgment should be that he have return of the property, and that he recover his costs. The justice's act does not permit a judgment in the alternative in favor of the defendant, when the plaintiff has the possession of the property under the writ. Upon appeal to the circuit court the same rule obtains.

From the Carroll Circuit Court.

*L. D. Boyd,* for appellant.

NEW, J.—This is an action of replevin, instituted by the appellant against the appellee before a justice of the peace, to obtain possession of a horse.

Before the justice judgment was in favor of the appellant. Upon appeal to the circuit court there was, over the appellant's motion for a new trial, judgment for the appellee in the following words:

" It is therefore considered and adjudged by the court that the defendant was lawfully in the possession of the property mentioned and described in plaintiff's complaint, to wit, one gray horse, at the date of the commencement of said action, and was entitled to retain possession thereof; that the value of said property is one hundred dollars; that the plaintiff has the possession of said property by virtue of the writ of possession issued in this cause, and that the defendant is entitled to the return of said property within ten days herefrom, and on failure of the plaintiff to return the said property within ten days herefrom, then it is considered and adjudged by the court that the defendant shall have and recover from the plaintiff the sum of one hundred dollars, collectible with relief from valuation and appraisement laws; and that the defendant also recover from the plaintiff his costs herein laid out and expended, taxed at —— dollars."

A motion by the appellant for a new trial was overruled. The appellant also moved the court to modify the judgment, so that he be not required to pay the appellee one hundred dollars in default of returning the horse to the latter. This motion was overruled. The overruling of these motions has been assigned as error by the appellant.

It is shown by the record that on the 2d day of August, 1889, suit was brought by the appellee against the appellant for the recovery of a reward offered by the latter for the return of a horse stolen from the appellant and the capture of the thief. On the 1st day of November, 1889, the appellee obtained judgment against the appellant in said cause for $150, the full amount of the reward offered.

The present action was begun July 29th, 1889, and judgment given in favor of the appellee January 29th, 1890.

All of the proceedings in the suit to recover the reward,

the evidence included, appear in the record of the case at bar.

It is the contention of counsel for the appellant, as we understand his argument, that, if the appellee found the horse after he was stolen, but refused to allow the appellant to take full and exclusive possession of the same unless the reward promised was paid, and the appellee thereafter sued the appellant and recovered judgment for the reward, he could not, after that, rightfully retain possession of the horse, although the judgment was wholly unpaid.

We can not agree with this view. The appellant had offered a reward for the return of the stolen horse. The appellee found the horse, and was ready to restore it to the appellant upon the payment of the reward. As soon as the horse was found and taken possession of by the appellee a binding contract arose between the appellee and the appellant.

The appellant could not complain that the appellee was retaining possession of the horse, while he, at the same time, was declaring that he did not intend to pay the reward which he had offered, even if the horse was put into his possession. The appellant's obligation to pay was as binding as the appellee's obligation to restore. They were acts to be performed concurrently, and, if the appellant did not intend to perform his part of the contract, the appellee was not required, in our opinion, to surrender the horse, either at the time he was given judgment for the reward promised, or afterwards, until the judgment was paid.

A judgment is the conclusion of law upon the facts, and in it, therefore, is merged the cause of action, but the debt for which the judgment is rendered is not thereby paid, but is still alive as expressed and represented by the judgment.

The appellant is insisting that, because the form of his liability to the appellee has been changed from that of contract to a debt of record, he shall now be accorded a right

which he did not before possess, and thus be allowed to profit by his own wrong. This the law will not allow.

Counsel for the appellant treats the possession of the horse by the appellee, prior to and at the time of the rendition of the judgment for the reward, as analogous to a pledge, and says that the right to a pledge is extinguished by the payment of the debt, or by the recovery of a judgment for the debt.

The payment of the debt by the pledgeor would certainly extinguish the right to the pledge given to secure the debt, and so, too, if the pledgee should bring suit against the pledgeor for his debt, and the latter should obtain judgment in his own favor—such judgment as would bar a future recovery of the debt—that would extinguish the right to the pledge. But we do not understand that if a pledgee sues the pledgeor for a recovery of the original demand, it is necessarily to the prejudice of his rights under the pledge. When property is pledged, it is merely a collateral security for the payment of the claim, and not a liquidation of it. Hence the successful prosecution of an action on the original debt will not ordinarily impair the right to proceed upon the pledge or collateral security. The general rule is that the mere change of the form of the indebtedness does not release the security given therefor, unless such was the intention of the parties. A renewal of a note, its reduction to a judgment, or other change not intended to operate as a discharge of the lien or pledge, still leaves it, as between the parties, in full vigor. 3 Parsons Contracts (5th ed.), 272; Freeman Judgments (3d ed.), section 229; Story Bailments (7th ed.) section 361; *Butler* v. *Miller*, 1 N. Y. 496; *Fisher* v. *Fisher*, 98 Mass. 303; *Fairbank* v. *Merchants' Nat'l Bank*, 132 Ill. 120; *Whitwell* v. *Brigham*, 19 Pick. 117; *Elder* v. *Rouse*, 15 Wend. 218; *Word* v. *Morgan*, 5 Sneed (Tenn.), 79; *Arendale* v. *Morgan*, 5 Sneed (Tenn.), 704.

Counsel for appellant claims that it is shown by the record that the appellee had delivered to the appellant the

Everman v. Hyman.

horse in controversy prior to the bringing of the present action ; and therefore that the appellee can not now be heard to say that the appellant has no right to the possession of the same.

· It does not appear from the record that the appellee has ever voluntarily parted with the horse. On the contrary, it plainly appears that after the horse was found by the appellee, the appellant positively refused to pay the reward offered for its return, and then got possession of the horse by the writ issued in the present action, and not otherwise.

The appellant complains that he was not permitted to prove a conversation had between the witness Yoder, the appellee, and one Day, after the horse had been found and taken possession of by the appellee.

The appellee had found the horse and put it in charge of Yoder to lead, because the latter was on horseback, and the appellee and Day were in a cart. It can not be material that Yoder had become tired of leading the horse, and asked to be relieved by the appellee and Day. The conversation sought to be elicited could not change what had already occurred, and which constituted a reclamation of the horse by the appellee, nor could it affect the right of the latter to hold the possession of the horse until the appellant paid, or offered to pay, the reward. It is clear from the record that the title to the horse is not in issue, but the right to its possession while the reward is unpaid.

The judgment, however, should have been modified upon the motion made by the appellant, so as not to require the payment of one hundred dollars to the appellee in default of the return of the horse to the latter. The suit at bar was, as we have seen, commenced before a justice of the peace, and appealed to the circuit court. In the circuit court the cause should have been " tried under the same rules and regulations prescribed for trials before justices." Section 1502, R. S. 1881.

In the trial of actions in replevin before justices of the

peace, where the property has been delivered to the plaintiff under the writ, if the cause be dismissed, or the defendant prevail upon the trial, the judgment should be that he have return of the property, and that he recover his costs. The justice's act does not permit a judgment in the alternative in favor of the defendant, when the plaintiff has the possession of the property under the writ. Sections 1550, 1571, R. S. 1881; *Van Meter* v. *Barnett,* 119 Ind. 35.

The cause is remanded, with instructions to the court below to modify its judgment so as to conform to this opinion. Costs made in the circuit court, and in this court, since the overruling of the motion to modify the judgment, are adjudged against the appellee. All other costs will be paid as heretofore ordered by the circuit court.

Filed Feb. 2, 1892.