Filed June 13, 1895.

---

No. 1,648.

## BEDFORD BELT RAILWAY CO. *v.* BURKE.

DEBTOR AND CREDITOR.—*Third Party Assuming Obligation Without Knowledge or Consent of Creditor.*—*Bank.*—Where B., who has performed work and furnished materials for a railroad company to the amount of $906.39, executed a receipt for $579.50 and delivered the same to W., who was secretary and treasurer of the railroad company, and also president of a bank doing general banking business, with which B. was doing business, W. has no right, without B.'s knowledge and consent, to credit B. on the books of the bank with the amount of the receipt.

SAME.—*Recovery.*—*Special Finding.*—*Ratification.*—The facts being specially found in such case, B. is entitled to recover the amount owing on the receipt against the railroad company, where there is no finding of a ratification, by B., of W.'s acts in placing the receipt to B.'s credit on the books of the bank.

From the Lawrence Circuit Court.

*F. M. Trissal* and *Matson & Giles*, for appellant.

*Brooks & Brooks*, for appellee.

GAVIN, J.—The special finding of facts are as follows:

"1. That under a contract with the defendant, plaintiff performed work and furnished material for defendant amounting at the contract price to the sum of $906.39.

"2.   That the plaintiff executed a receipt to the defendant on the 20th day of April, 1893, for $579.50.

"3.   And on July 1, 1893, plaintiff executed a receipt to the defendant for the balance of said work, the sum of $326.69.

"4.   No money was paid to plaintiff by defendant at the time of the execution of either of said receipts.

"5.   I find that the first receipt for $579.80 was signed in the office of the auditor of said defendant, and was taken by plaintiff and delivered to W. C. Winstandley, secretary and treasurer of said defendant; that said Winstandley was also the president of the Bedford Bank, doing a general banking business in the city of Bedford.   Plaintiff had an account with said bank and had to his credit on said 20th day of April, 1893, the sum of $451.07; that plaintiff on said 20th day of April, 1893, drew on his check from said bank the sum of $332.50, which sum he used in the payment of his laborers, on the work which was represented by this amount in said receipt, but received nothing from defendant on said receipt on said day.

"6.   On the next day, April 21, plaintiff was credited on the books of said bank with the amount of said receipt, to-wit, $579.50.

"7.   Said credit and application was made by said Winstandley and bank without the consent or knowledge of plaintiff.

"8.   That after the 20th day of April, 1893, plaintiff drew checks which were paid by said bank as follows: April 29, $50.00; April 25, $75.00; April 22, $10.80; April 25, $15.00; April 26, $5.00; April 27, $29.28; April 29, $50.00; May 6, $50.00; May 9, $25.00; May 16, $2.90; May 18, $6.95; May 19, $5.00; May 25, $6.95; May 27, $99.11.   Plaintiff made a deposit in said bank on May 27, 1893, of $100.

"9. The bank book of the plaintiff was not in his possession from January, 1893, to the time of this trial. The same was not balanced until after the transactions herein set out, and his said checks canceled have never been returned to him.

"10. The second receipt for $326.89 was executed and delivered to defendant, and defendant afterward, at various times, paid to different parties sums in the aggregate to the amount of said receipt, and on debts for which plaintiff was liable.

"Robert W. Miers, Judge.

"I find as a conclusion of law that there is due plaintiff from the defendant $297.18.

"Robert W. Miers, Judge."

The only issue tendered by appellant upon which a defense is based was payment. Keeping in mind the settled rule that the special finding, when reasonably and fairly construed, must disclose all the facts essential to appellant's recovery, either by direct finding or necessary inference (*Louisville, etc., R. W. Co.* v. *Costello*, 9 Ind. App. 462 ; *Becknell* v. *Hosier*, 10 Ind. App. 5), the facts set forth are insufficient to establish payment of the amount due upon either receipt. There is no direct finding of any amounts paid by the company to appellee nor of any acts done which were intended for and accepted as payment.

Nothing appears to connect the appellant with the credit on appellee's account with the bank. Were it found that the appellant had paid the bank the money or made any arrangement with the bank by which it was to take up its vouchers, and that this arrangement was known to the appellee a different question would be presented.

The simple act of the bank in voluntarily placing to appellee's credit upon its books the amount of his receipt without his knowledge or consent could not operate as a

payment.    Appellee had a right to demand the money or something which he agreed to accept as money.    The mere fact that he continued to check upon the bank after this credit, but in ignorance of it, could not amount to a ratification of the credit.    Knowledge is an essential element of ratification.    *Willison* v. *McKain*, 12 Ind. App. 78.

He may simply have intended to overcheck his account, expecting to make it good when he collected the money from appellant or from some other source.

As to the amount represented by the second receipt, there is an utter failure to find anything which would be equivalent to a payment.

The payment of appellee's debt by appellant could not operate as payment of appellant's debt to appellee, unless authorized or ratified as such by appellee.    It was appellee's right to control the disposition of his own funds. Had the payments been pursuant to his direction or upon obligations which were liens upon appellant's property, then appellant's position might be supported.    None of these things appear.

Some argument is made in favor of appellant's right to a new trial.    As stated by appellant's counsel : "The real controversy was whether appellee had agreed to or did accept the credit at the bank instead of the cash." Appellee in his evidence insisted strenuously that he had done neither.

Conceding that, as claimed by the appellant, the preponderance of the evidence upon this point was with appellant, still it was the province of the trial court to pass upon this question, and its determination where there was a conflict cannot be reviewed by us.

Judgment affirmed.

Filed June 13, 1895.