# CASES DECIDED

# SUPREME COURT

# OREGON

Submitted without argument April 19, decided May 23, 1911.

## MacFARLANE v. BLOCH.

[115 Pac. 1056.]

REWARDS—OFFER—EFFECT.

1. There is no liability upon an offer of a reward to any one who performs some specific act until the act stipulated has been performed, but the offer is to be construed by the same rules as other contractual offers.

REWARDS—RIGHT TO REWARD.

2. To entitle plaintiff to a ·reward for finding a lost pocketbook, it was immaterial that she found the book before the offer was made, the reward not being for the finding but for the return of the book.

FINDING LOST GOODS—REWARD—LIEN.

3. A finder of a lost pocketbook is entitled to a lien thereon for the amount of a reward offered for it.

FINDING LOST GOODS—STATUTORY PROVISIONS—APPLICABILITY.

4. Sections 7590, 7591, L. O. L., providing for disposition of lost property when the owner is unknown does not apply to a finding where the owner is known although his address is unknown.

From Multnomah: ROBERT G. MORROW, Judge.

Statement by MR. CHIEF JUSTICE EAKIN.

This is an action by Katherine MacFarlane against M. M. Bloch. The facts as brought out at the trial are as follows:

On July 21, 1908, plaintiff found a pocketbook containing promissory notes of the value of more than $1,000, payable to M. M. Bloch, this defendant. For several days thereafter plaintiff was sick and did little or nothing toward finding the owner, except to consult the "Lost and Found" columns of the daily press; and also her son phoned to Bloch, the jeweler. On July 31st, defendant advertised in the Oregonian for a "Lost—Pocketbook with papers; please return to county judge's office; reward. M. M. Bloch." Immediately thereafter plaintiff phoned to the county judge's office and asked for Bloch, and was informed that there was no such person there. On August 5th, defendant again advertised in the Oregonian, making the following offer:

"Lost—Pocketbook. Return to county judge's office; $100.00 reward. M. M. Bloch."

And in response thereto plaintiff went to the county judge's office and saw Robert Shaw, who was Bloch's agent in this matter, and told him that she had come to get the reward, in response to the advertisement for a lost pocketbook. When asked if she had the pocketbook, she replied that she knew where it was, and offered to produce it for the $100 reward. She thereafter held it for the reward, which defendant at no time offered to pay, but he had her arrested for larceny of the book, and, in order to avoid the criminal proceedings, she surrendered it to Bloch and brought this action to recover the amount of the reward. The case was tried by the court without the intervention of a jury, and he found the facts in favor of plaintiff and from a judgment thereon defendant appeals.          Affirmed.

Submitted on briefs without argument under the proviso of Rule 16 of the Supreme Court. 50 Or. 580 (91 Pac. viii).

For appellant there was a brief over the name of *Mr. John F. Logan.*

For respondent there was a brief over the names of *Messrs. Westbrook & Westbrook.*

Opinion by Mr. Chief Justice Eakin.

1. There is no liability upon an offer of a reward to any one who performs some specific act until the act stipulated has been performed, but the offer is to be construed by the same rules as other contractual offers.

2. Counsel for defendant contends that to entitle plaintiff to the reward it must be made to appear that she found the book after the offer was made, and that the finding was with a view to obtaining the reward. The courts are divided as to whether knowledge of the offer, at the time of the performance of the act, is essential to the right to the reward, or to the enforcement of it. So far as relates to the facts in this case it is immaterial which line of authorities we would be inclined to follow, as the finding of the book was not the purpose of the offer. Defendant was aware that the book had been found before the offer was made, and the offer was for its return to the county judge's office. This condition of the offer plaintiff complied with. She took the book and its contents to the county judge's office and offered to surrender it for the payment of the reward. This was held sufficient in *Pierson* v. *Morch,* 82 N. Y. 503, a case in many respects identical with the one before us. It was contended that there was no consideration for the promise, but the court held that the return of the property completed the contract and the defendant was liable. It was also contended in that case that plaintiff was not the finder in good faith, as she made no inquiries before leaving the car where she found the goods, either of the conductor or the passengers. The court held that the question was properly submitted to the jury and their decision was in her favor, the court saying:

"If the plaintiff really found and took possession of the goods, believing them to be lost, and with a purpose

to preserve and return them if possible to the owner, she was in condition to claim the reward, upon complying with its terms."

In that case the goods were found before the reward was offered. To the same effect is *Everman* v. *Hyman,* 3 Ind. App. 459 (29 N. E. 1140), in which case a reward was offered for the return of a stolen horse, and it was held that the finder had a right to retain the horse until the reward was paid. See, also, *Cummings* v. *Gann,* 52 Pa. 484; *Grady* v. *Crook,* 2 Abb. N. C. (N. Y.) 53; *Wood* v. *Pierson,* 45 Mich. 313 (7 N. W. 888).

Upon plaintiff's offer to return the book defendant's agent would not pay, and, in fact, had no authority to pay, the reward. It appears from the evidence and conduct of defendant that he had no intention of so doing. There is nothing in the evidence tending to show an intention on her part to keep or convert the property to her own use. Although she knew who was the owner of the property, she had not ascertained his address until after the offer of the reward of July 31st; and thereafter she retained the goods for the reward.

3. When the $100 reward was offered she had a lien thereon for the payment of it. 19 Am. & Eng. Enc. Law (2 ed.) 583; 24 Am. & Eng. Enc. Law (2 ed.) 961; *Wentworth* v. *Day,* 3 Metc. (Mass.) 352 (37 Am. Dec. 145); *Everman* v. *Hyman,* 3 Ind. App. 459 (29 N. E. 1140).

4. It is urged by defendant that plaintiff showed bad faith in not immediately giving notice to the county clerk that she had found the book, as provided in Section 7590, L. O. L. This and the following section relate to lost property, the owner of which is unknown to the finder, and makes provision for the disposition of the property if the owner does not appear to claim it. The present case does not come within the statute for the reason that the name of the owner of the property was disclosed

upon it and he was easily identified. It only remained for plaintiff to find him and return the property.

It is further objected that the findings do not support the judgment. No particular omission in them is pointed out, and we find no defect in that regard.

The judgment is affirmed.     AFFIRMED.