In re CANAL BANK & TRUST CO., IN LIQUIDATION (Intervention of GOODMAN & BEER CO., Inc).*

No. 15053.

Court of Appeal of Louisiana. Orleans.

April 20, 1936.

Dufour, St. Paul, Levy & Miceli, of New Orleans, for appellant.

Leslie Moses and Rittenberg & Rittenberg, all of New Orleans, for appellee.

WESTERFIELD, Judge.

Intervener, invoking the provisions of Act No. 63 of 1926, claims the right to be paid the sum of $810.00, with privilege and priority, out of the assets of the Canal Bank

*Rehearing granted May 18, 1936.

& Trust Company, in liquidation, under the following circumstances concerning which there is no dispute.

Goodman & Beer Company, Inc., on November 29, 1932, placed with the Canal Bank & Trust Company (hereinafter referred to as Canal Bank) for collection a draft for the sum of $810 on Boero Napoli & Cia, Rosario, Argentine. The Canal Bank forwarded the draft to the Rosario Branch of the National City Bank of New York for collection, with instructions to remit the proceeds to the main office of the National City Bank in New York City to the credit of the Canal Bank. This was done and, on March 1, 1933, the Canal Bank received notice of the credit. On the same day a notice was mailed to Goodman & Beer Company that its checking account with the Canal Bank had been credited with a similar amount, which notice was received by Goodman & Beer Company on March 2, 1933. The Canal Bank did not open for business on March 2, all banking business in the city of New Orleans being suspended because of a proclamation by the Governor of the state of Louisiana. The bank remained closed except for limited withdrawals until it was placed in liquidation on May 20, 1933. For a more detailed description of the situation see In re Canal Bank & Trust Company in Liquidation, Intervention of Palmer (La.App.) 154 So. 498, 500.

Section 1 of Act No. 63 of 1926 provides:

"Be it enacted by the Legislature of Louisiana, That when any bank receives as agent (whether as agent of another bank or of any person, firm or corporation) for collection and remittance or delivery to its principal and not for deposit any bill, note, check, order, draft, bond, receipt, bill of lading, or other evidence of indebtedness, or other instrument, and collects or realizes any money on the same, and has not deposited same to the credit of said principal, the principal shall have a privilege on all of the property and assets of said agent bank for the amount so collected or realized by said agent bank, which privilege shall be superior to the claims of all depositors of said agent bank, the claims of all creditors of said agent bank having no privilege and to all other general privileges on the property and assets of said agent bank, except those for law and judicial charges."

It is the contention of the liquidators that when the account of Goodman & Beer Company was credited with a sum equal to the proceeds of the draft, the collection of the

item had been accomplished, and its agency for that purpose terminated, the relation between the bank and its depositor from that time on being changed from that of principal and agent to that of debtor and creditor and, consequently, no privilege can be claimed under the provisions of Act No. 63 of 1926.

On the other hand, the position of the intervener is that the relation of principal and agent did not cease until the receipt by it of the notice on March 2, at which time the bank was closed so far as the transaction of business on a normal basis was concerned.

The following articles of the Civil Code are of interest:

Art. 2477: "The tradition or delivery is the transferring of the thing sold into the power and possession of the buyer."

Art. 2930: "The deposit is perfected only by the delivery, real or fictitious, of the thing deposited.

"The fictitious delivery is sufficient, when the depositary is already possessed, in some other right, of the thing agreed to be left in deposit with him.

Art. 2931: "The deposit is voluntary or necessary."

Art. 2932: "The voluntary deposit takes place by the mutual consent of the person making the deposit and the person receiving it."

It seems to us that the agency of the Canal Bank continued until its principal received notice of the collection of the proceeds and consequent credit to its account, because it did not have possession of, or control over the proceeds at any time prior thereto. An agent might collect a sum of money due his principal, who would, of course, owe the amount to the principal from the time the money was collected, but his trust would not be discharged until payment was made, or the consent of the principal obtained to some other disposition of the funds, for instance, a deposit with the agent, as in the present case. It cannot be said that a credit upon the books of the bank would effect a discharge of the trust and constitute a delivery to the principal who was in ignorance of both the collection and credit entry.

Corpus Juris, Vol. 48, page 291, § 6, verbo "Payment," provides:

"Where the debtor has authority to make payment by depositing the money, he is ordinarily bound to give notice of the deposit to the creditor, and a mere deposit cannot

effectuate payment where the creditor has no knowledge or notice of it, even though, in ignorance of the state of his account, he uses or withdraws a portion of the money so deposited. A deposit over which the debtor retains control does not constitute a payment."

The following is found in Vol. 7, Corpus Juris, page 634, § 313, verbo "Banks and Banking":

"When paper is received for collection a trust relation often exists in the beginning, which is changed by agreement or custom into that of debtor and creditor, after the collection of the proceeds; but a bank cannot divest itself of the trust relation and assume the other at its own convenience— the transformation does not affect the depositor unless it is known by him either by agreement or usage."

In Bedford Belt Ry. Co. v. Burke, 13 Ind.App. 35, 41 N.E. 70, 71, the court held that a collection effected for a customer whose account was credited with the proceeds did not operate as a payment because no notice of collection was given to the depositor. The court said:

"The simple act of the bank in voluntarily placing to appellee's credit upon its books the amount of his receipt, without his knowledge or consent, could not operate as a payment. * * * The mere fact that he continued to check upon the bank after this credit, but in ignorance of it, could not amount to a ratification of the credit. Knowledge is an essential element of ratification."

The relation of principal and agent did not terminate before March 2, 1933, when there was no opportunity for the intervener to make any disposition of the fund, because the bank was closed.

In re Canal Bank & Trust Company in Liquidation, Intervention of Palmer, supra, this court, in speaking of a similar situation, said:

"After the collection of these items there never was a time when Palmer & Co. could have withdrawn more than this small proportion of the money realized therefrom, until just before the liquidation proceedings had been initiated, when the bank, by borrowing from a governmental agency, paid its depositors 30 per cent., which Palmer & Co. received."

In S. E. Hall, Inc., v. Farmers' Trust & Savings Bank of Lockport, 177 La. 659, 148 So. 909, 910, our Supreme Court said:

"When plaintiff deposited the drafts, it did so, we think, for collection and deposit to its credit, it being implied, as a matter of course, that, if the proceeds were not received by the bank while it was a going concern, that they would be remitted to plaintiff, and not put into the mass of the assets of the bank, for no one, it may be presumed, would deposit money in a defunct and insolvent bank, and the bank no longer being a going concern, could not receive and credit the deposit. All that it could do in such a case as the present would be to remit the proceeds to the owner of the drafts, for the bank had ceased to have power and right to make a conditional credit an absolute one."

See, also, Levi v. National Bank of Missouri (C.C.) Fed.Cas.No.8289, 5 Dill. 104; Benj. L. Holland et al. v. Tyus et al., 56 Ga. 56.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.