## The County of Montgomery

*v.*

## Sanford Robinson.

1. Continuance—*when affidavit is admitted.* It is not error to refuse a continuance on the ground of the absence of a witness, where the opposite party admits the affidavit for the continuance to go in evidence.

2. Reward—*capture of thief by agent.* Where one employs another to pursue and capture a horse thief, and pays the expenses, he will be entitled to the reward offered by the county for the apprehension and conviction of such thief, on the familiar maxim, " *Qui facit per alium, facit per se.*"

3. Same—*of the arrest.* Where a county offers a reward for the pursuit and arrest, beyond the limits of the county, of any person guilty of stealing any horse, etc., within the county and from a citizen thereof, to be paid on conviction of the thief, the pursuit of the thief to another State under a warrant for his apprehension and a requisition of the Governor of this State upon the Governor of such other State, and bringing the thief back under such warrant, and his conviction, will entitle the person procuring the same to be done to the reward, notwithstanding such thief may have been apprehended and detained in such other State by officers there.

Appeal from the Circuit Court of Montgomery county; the Hon. Horatio M. Vandeveer, Judge, presiding.

Mr. Benj. E. Johnson, for the appellant.

Messrs. Lane, Rice & Paisley, for the appellee.

Mr. Justice Walker delivered the opinion of the Court:

It appears that this action was brought by appellee in the Montgomery circuit court, against that county, to recover $300 for the pursuit and arrest of a horse thief who was subsequently convicted of stealing appellee's horse in the county. The thief escaped from the county, had fled to the State of North Carolina, and was there arrested and confined in jail on another charge. Appellee, learning that fact, procured a requisition from the Governor of this State, on the Governor of that State, for the return of Barringer, the thief. One White was appointed to receive and bring him back from North Car-

olina, and appellee paid to White $100 to defray expenses of his return.

The following is an order adopted by the county, under the statute, in June, 1865:

"*Ordered*, that the sum of three hundred dollars be offered as a reward, to be paid out of the county treasury of this county, to any person or persons who shall hereafter pursue and arrest, beyond the limits of this county, any person guilty of stealing any horse, mare, colt, mule or ass, within the territory of this county and from a citizen of the same, which reward shall be payable on the conviction of the thief before the proper court of record."

On these facts, which are not disputed, except it is denied that White was acting for appellee, and it is claimed he acted for himself, the jury found the issues for plaintiff, and assessed his damages at $300. A motion for a new trial was entered by the county, but was overruled by the court, and judgment was rendered on the verdict. The county appeals.

It is first urged, that the court below erred in overruling a motion for a continuance, on account of the absence of witnesses. Appellee, as provided by the statute, admitted the affidavit to go in evidence. See sec. 44, Rev. Stat. 1874, p. 780. This was all the county was entitled to under the statute, and we are unable to perceive any error in overruling the motion. In fact, the statute, in terms, prohibits the allowance of a continuance where the opposite party will admit the affidavit in evidence. Had the court granted the continuance it would have been palpable error, as the statute is peremptory in its requirements.

It is next urged, that the court below erred in overruling the motion for a new trial on the ground that the evidence fails to sustain the verdict. Counsel for the county urges some highly refined and exceedingly technical objections. He insists that appellee did not arrest the thief, as he did not act in person. It is only necessary to say, that the familiar maxim, "*Qui facit per alium, facit per se*," applies, with its full force, in this case. The jury found, and there was abundant evidence

to warrant the finding, that White was the agent and acted for appellee in this arrest. It is true that White testified that he expected to obtain the reward; but appellee testified that he acted for him, and he is supported by the evidence of Richardson and Ziffen.

It is, however, urged, with apparent gravity, that the sheriff in North Carolina had arrested and confined Barringer in a jail in that State, and hence appellee, by himself or another, could not arrest him. A writ was certainly issued, and by virtue of that writ Barringer was taken into custody under the charge of stealing appellee's horse. Hence he was arrested under that writ and on that charge. Bouvier defines the word, as applied to criminal proceedings: "The apprehension or detaining of the person in order to be forthcoming to answer to an alleged or suspected crime. The word *arrest* is more properly used in civil cases, and *apprehension* in criminal." Barringer was undeniably detained to answer this very charge, and it can not be said he was not taken into custody by White under the writ issued by the Governor of North Carolina, on the charge of stealing appellee's horse. The purpose of the order of the county authorities was, that persons stealing horses and fleeing the county should be brought back into the county, tried, and convicted; and, to accomplish that object, they were willing to pay the proffered reward. It did not matter to them whether the thief was arrested by the pursuit of an officer, or was apprehended by some one else, and returned by that person, or was turned over by him to an officer.

Had a person apprehended Barringer without a warrant and turned his custody over to an officer with a warrant, the officer would thus have apprehended him with a warrant. The word "arrest," among others, has the meaning of "to take, seize or apprehend a person by virtue of legal process issued for that purpose." Now, there can be no question that Barringer was taken by White under legal process issued for the purpose; and we regard the evidence as clearly proving that appellee, by his agent, pursued Barringer beyond the limits

of the county, and arrested and brought him back to the county for trial, within the meaning of the resolution of the county authorities, and the jury were fully warranted in so finding.

Some slight objections are taken to appellee's first instruction, but on examining it we fail to find it in anywise objectionable. It states the law, we think, correctly, and it was in every respect accurate. As the instruction is not set out in the abstract or in the brief, we presume appellant placed no reliance on the objection.

The court below did not err in overruling the motion for a new trial, and the judgment must be affirmed.

*Judgment affirmed.*