No. 12,317.

## BRONNENBERG v. COBURN.

REWARD.—*Apprehension of Criminal.*— *When Amount of Reward Becomes Due.*
—*Pleading.*—*Complaint.*—Where a reward is offered for the detection,
apprehension and conviction of a criminal, and the service is success-
fully rendered by a party who detected and arrested such criminal, and
furnished such information as resulted in his trial and conviction, the
amount of the offered reward becomes due upon the performance of the
service, in the absence of a stipulation to the contrary ; and where, in
an action to recover the reward, the complaint sets out the above facts,
it is sufficient without the technical averment that the amount " is due
and unpaid."

SAME.—*Contract.*— *Withdrawal of Offered Reward.*—*Instruction.*—In an action
to recover the amount of an offered reward, for the apprehension and
conviction of a criminal, where the evidence shows a contract between
the parties, which had been acted upon by the plaintiff, who had detected,
arrested, and furnished the necessary information for the conviction of
the offender, it is not error to refuse an instruction to the jury to the
effect, that although the defendant may have agreed with the plaintiff
to pay him a certain sum for such arrest, etc., yet, if before such convic-
tion he withdrew the offer of the reward, or his agreement to pay the
same, with the knowledge and consent of plaintiff, the latter could
recover nothing.

SAME.—*Defence.*—*City Marshal.*—In such case, it is no defence that at the
time of the performance of the service, the plaintiff was a city marshal,
and did nothing more than the law required of him in the discharge of
his official duties.

SAME.—For an instruction held to correctly state the law in such case, see
opinion.

PRACTICE.—*Instruction.*— *Withdrawal of Paragraph of Complaint.*—A defend-
ant can not complain of an instruction to the jury which eliminates
from the case a paragraph of the complaint.

From the Madison Circuit Court.

*M. S. Robinson, J. W. Lovett* and *W. A. Kittinger,* for ap-
pellant.

*C. L. Henry, H. C. Ryan* and *E. P. Schlater,* for appellee.

ZOLLARS, J.—The first paragraph of appellee's complaint
may be summarized as follows : In September, 1883, one
Susan Nelson, a sister of appellant, was found dead, in Vigo

county. It was supposed that she had been murdered, but by whom it was not known. In November of that year, appellant, who lived in Madison county, agreed and contracted with appellee to pay to him the sum of $500 as a reward and compensation, if he would undertake, and devote his time and services to, the arrest of the person or persons who caused the death of said Susan Nelson, and the discovery of such information as would lead to the conviction of such person or persons; said amount to be paid whenever such person or persons should be convicted. In pursuance of "said contract and agreement," appellee engaged in said work and labor, devoted his time and services thereto, caused the arrest of one Perry Manis as the person who had committed the murder, discovered and brought to light the information, witnesses and evidence which led to the discovery of the guilt of Manis, and to his conviction upon a charge of having murdered said Susan Nelson, of all of which appellant had notice; that, though often requested, appellant has refused to pay the amount agreed upon, and that the same remains due and unpaid, etc.

The second paragraph of the complaint alleges a general offer by appellant of a reward of $500 for the detection and conviction of the murderer of Susan Nelson, an acceptance of that offer by appellee, and the arrest and conviction of the murderer Manis, through his efforts and services, etc.

The technical objections urged against that paragraph are not available, for two reasons:

*First.* They are not well taken.

It is contended that the paragraph is defective, because it is not alleged therein that the amount of the offered reward is due and unpaid. It is averred therein that appellant offered and promised to pay as a reward the sum of $500 to any person or persons who would detect and arrest, etc., and who would discover and furnish such information as would lead to, and result in, the trial and conviction of the person guilty of having caused the death of Susan Nelson; that appellee

performed the services, and had Manis arrested and convicted as such murderer, etc., and that after the services were performed by appellee, etc., appellant, although requested to pay the amount to appellee, has refused, and still refuses, to pay, etc.

Under these several averments, it was the duty of appellant to pay upon the completion of the services by appellee. The amount then became due unless there was some stipulation to the contrary. No such stipulation was shown. *Wagoner* v. *Wilson*, 108 Ind. 210 ; *Jaqua* v. *Cordesman and Egan Co.*, 106 Ind. 141.

*Second.* The court practically withdrew the second paragraph of the complaint from the jury, as we shall see hereafter.

We pass to the alleged error of the court below in overruling appellant's motion for a new trial. First, in the order of discussion by counsel, it is contended that the court erred in giving to the jury number one of its instructions. That instruction is, in substance, that this is an action by the plaintiff to recover a judgment against the defendant for services rendered by plaintiff in securing the arrest and conviction of the murderer of Susan Nelson ; that the plaintiff, not claiming to recover on the second paragraph of his complaint, bases his right to recover in the action upon a contract or agreement made between the plaintiff and the defendant, whereby the defendant agreed and promised to pay the plaintiff a certain sum of money as a reward for, and upon the condition that he would render said services, and thereby secure the arrest and conviction of the murderer of Susan Nelson, averring in the complaint, that, in pursuance of said promise and agreement, he rendered the services and secured the arrest and conviction of the murderer of Susan Nelson ; that the complaint was answered by a general denial, which threw the burden of proof upon the plaintiff, and that, in order for him to recover, he would have to prove by a preponderance of the evidence, the material facts stated

in the complaint; that the burden was thus upon him to prove by such preponderance that the agreement or contract was made between the plaintiff and defendant, and that the plaintiff performed his part of the contract according to its terms; that if the jury believed from the evidence that the plaintiff had so proved the material facts, the verdict should be for him, otherwise for the defendant.

This instruction, as will be noticed, practically eliminated from the case the second paragraph of the complaint. Of that appellant has no right to complain.

If the court was in error in that regard, it was against appellee, and not against appellant. Nor can it be said, that the court misled the jury by assuming the existence of the contract set out in the first paragraph of the complaint.

The jury were instructed that appellee based his right to recover upon that contract, that the burden was upon him to prove the material facts stated in the complaint, and that such a contract was entered into, and that they must determine from the evidence whether such material facts had been proven.

With the complaint before the jury, that was a sufficiently full and fair statement of the issue for trial, as made by the complaint and the denial thereto.

Appellant submitted, and asked the court to give to the jury, two instructions. The substance of the first is, that although appellant may have agreed with appellee to pay him $500 as a reward for the arrest and conviction of the murderer of Susan Nelson, yet, if he, appellant, before such conviction, withdrew the offer of said reward, or his agreement to pay the same, with the knowledge and consent of appellee, he could recover nothing, and the verdict should be for appellant.

Clearly, there was no error in the refusal of that instruction. When there is a general offer of reward, that offer may be withdrawn before it is accepted and acted upon, and

before any rights are thus acquired under it. *Shuey* v. *United States*, 92 U. S. 73.

But that is not the case here, as made by the evidence. The evidence did not show a general offer of reward, but a proposition made by appellant and accepted by appellee—a contract between the parties—and acted upon by appellee, with the knowledge and consent of appellant. And although the offer to pay the $500 may have been withdrawn by appellant before the conviction of the murderer, with the knowledge and consent of appellee, it would not follow, as declared in the instruction, that appellee was entitled to nothing, and that the verdict should be for appellant.

Under the instructions, appellee may have exercised all the skill, and rendered all the services, which led to the discovery and arrest of the murderer, and discovered and procured all of the evidence necessary for his conviction, yet, if at any time before the conviction, even during the trial, appellant declined to abide by the agreement and pay the $500, he, appellee, could recover nothing.

It would not follow that appellee could recover nothing for the services already performed, simply because he may have consented that appellant might withdraw his offer to pay the full $500.

Of the second instruction asked by appellant, it is sufficient to say that the substance of it was embodied in the first instruction given by the court. In such case, there is no available error in the refusal, although the instruction refused may state the law correctly. *National Benefit Ass'n of Indianapolis* v. *Grauman*, 107 Ind. 288 ; *Everson* v. *Seller*, 105 Ind. 266; *Starret* v. *Burkhalter*, 86 Ind. 439.

It is further insisted, that the verdict in favor of appellee is not sustained by sufficient evidence. It would be a tedious and profitless task to set out a summary of the evidence. We have examined it, and while there are contradictions and uncertainties, there is evidence tending to sustain the verdict.

We can not, therefore, reverse the judgment upon the weight of the evidence.

It is further contended by appellant's counsel, that because appellee was marshal of the city of Anderson at the time the contract was made, and at the time he performed the services under it, he can not recover. It is said, that in rendering those services he did nothing more than the law required of him in the discharge of his duties as city marshal, and that, therefore, public policy forbids that he should recover on the contract for such services.

The vice in the argument is in the assumption that the duties imposed upon city marshals are such as the service performed by appellee in the discovery and conviction of the murderer of Susan Nelson.

It is not a duty imposed by law upon the marshal of the city of Anderson, to leave the city and county, and detect and prosecute to conviction a murderer in Vigo county. *Davis* v. *Munson*, 43 Vt. 676 (5 Am. R. 315).

After an examination of all the alleged errors discussed by counsel, we are constrained to hold that there is no error in the record for which the judgment should be reversed.

The judgment is, therefore, affirmed, with costs.

