No. 12,587.

THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COM-
PANY v. McCOY.

PLEADING.— *Complaint.*— *Good as to Part of Demand.*— *Demurrer.*—If a com-
plaint shows a good cause of action as to any part of the demand, it
is good on demurrer.

From the Montgomery Circuit Court.

*J. G. Williams*, for appellant.

*T. E. Ballard* and *M. E. Clodfelter*, for appellee.

ZOLLARS, J.—The evidence shows that, in 1871, appel-
lant's railroad was built across the land which appellee be-
came the owner of in 1882. There is evidence tending to
show that, since appellee became the owner of the land, ap-
pellant has dug ditches, and suffered culverts, as outlets for
water, to become stopped up, whereby his land has been
flooded with water, and a private crossing injured, and
whereby damages resulted to him.

The court, by its instructions, limited the right to recover
damages on the part of appellee to the wrongful acts and
neglects of appellant since appellee became the owner of the
land. The jury returned a verdict for $50, and for that
amount the court rendered judgment against appellant.

The contention on the part of appellant's counsel is, that
the judgment should be reversed because, as he claims, there
are no averments in the complaint under which damages
may be claimed for acts and neglects on the part of appel-
lant since appellee became the owner of the land; and that
for acts and neglects prior to that time appellee can not re-
cover. He also contends that the complaint is bad upon
demurrer, for the reason that it shows upon its face that all
of the acts and neglects complained of were done, and oc-
curred, before appellee became the owner of the land. It is
further said that the theory of the complaint is, that appel-

lee may recover for alleged wrongful acts and omissions preceding his ownership of the land.

We have examined both paragraphs of the complaint carefully, and are not prepared to adopt the construction of them urged by appellant's counsel. It is difficult to determine just what the theory is upon which the complaint was constructed. Some of its averments show that a portion of the injuries complained of are the results of alleged wrongs which must have been committed before appellee became the owner of the land. Other averments show that some of the injuries complained of, and the resulting damages, must have been the results of acts and omissions on the part of appellant since appellee became the owner of the land. Other averments are so indefinite and uncertain as to the time of the alleged wrongs and omissions that it can not be determined whether they were done, and occurred, before or since appellee became the owner of the land.

It is not contended in argument by appellant's counsel that the proof does not show, or tend to show, that appellant has been guilty of acts and omissions since appellee has been the owner of the land, nor that, for the injuries resulting from such acts and omissions, he may not recover if the complaint is broad enough to cover them. The contention is, as we have seen, that such damages can not be recovered because the complaint does not show that any of the alleged acts and omissions, upon which the claim for damages is predicated, were subsequent to appellee's ownership of the land. We think that it does.

Appellant's counsel, as already stated, contend that appellee can not recover on account of acts and omissions of appellant before he became the owner of the land, nor on account of injuries resulting from the proper operation of the road.

We need not extend this opinion to decide the questions thus presented, for the reason that the court, as we have stated,

in its instructions to the jury, limited appellee's right to recover to wrongful acts and omissions on the part of appellant, if any, since he became the owner of the land.

All that we need determine here is, that, as against the demurrer, the first paragraph of the complaint is good, for the reason that some of the omissions and acts charged as wrongful are charged as having occurred, and been done, since appellee became the owner of the land. If a complaint shows a good cause of action as to any part of the demand, it is good on demurrer. *Howe* v. *Dibble*, 45 Ind. 120.

The record sufficiently shows affirmatively that the verdict does not rest upon the second paragraph of the complaint.

The instructions of the court practically withdrew from the consideration of the jury all matters set up in that paragraph. Whether it was good or bad, therefore, can be of no consequence, as appellant was in no way affected by it. *Bronnenberg* v. *Coburn*, 110 Ind. 169.

So far as we have been able to discover, there was no attempt to prove any of the averments of that paragraph as a ground of recovery.

Upon the whole case, our judgment is that the record presents no error for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed March 1, 1888.