### No. 2571.

### E. A. KASLING ET AL. v. R. A. MORRIS.

1. REWARD—An offer of a reward for the arrest of a party guilty of a particular offense, when and after it has been acted upon, is binding upon the party making the offer.
2. SAME—MOTIVES.—The secret motives for making the offer do not form any part of the contract with the party acting upon the offer. That the party offering expected others than the one arrested and proved guilty to be arrested, will not relieve him from his offer when acted upon.

Opinion of the court.

3. SAME.—Nor would such expectations on part of the party making the offer form part of the contract where the offer was general and payable upon the arrest and conviction of the guilty party.

4. OFFICERS MAY CLAIM REWARD.—It is no part of the duty of a constable to make an arrest without warrant upon a charge of burglary where the offense was not committed in the view of the officer, nor legal complaint made against the party arrested. A constable making such arrest under an offer of reward upon conviction of the party arrested, can claim the reward.

APPEAL from Cass. Tried below before the Hon. W. P. McLean.

The facts are in the opinion

*O'Neal & Eberhart*, and *Todd & Rowell*, for appellants: Hayden v. Lugar, 56 Ind, 42; s. c., 26 Am. Rep., 1; Davis v. Munson, 43 Vt.; s. c., 5 Am. Rep., 315; Texas Cotton Press Co. v. Mechanics Fire Co., 54 Texas, 319; 1 Addison on Contracts, pp. 21, 22, sec. 9 and note, and numerous authorities there cited; Wm. Shelley Ex. v. United States, 2 Ot. U. S. Rep., 73; Wood Master & Serv., sec 165–175; Allen v. Brown, 11 Texas, 520; Underwood v. State 25 Texas Supp., 391; Willis v. Lewis, 28 Texas, 186; Davis v. Munson, 43 Vt.; s. c. Am. Rep., 315; Hayden v. Lugar, 26 Am. Rep., 1; Texas Cotton Press Co. v. Mechanics Fire Co., 54 Texas, 319; 1 Addison on Contracts, pp. 21, 22, sec. 9 and note, and numerous authorities there cited.)

WALKER, ASSOCIATE JUSTICE. On the tenth day of March, 1886, at night, the store house of appellee, R. A. Morris, in the town of Linden, Cass county, Texas, was broken into and his iron safe, therein situated, was very artistically blown open, burglarized and robbed of about one hundred and seventy-five dollars in money. Early next morning, and immediately upon the discovery of the burglary, Morris publicly, and many times, offered a reward of one thousand dollars for the arrest and conviction of the thief or thieves. Plaintiff E. S. Kasling was the constable of the town and precinct where the burglary was committed, and plaintiff Simmons was a private citizen, who had on some occasions acted in an official capacity as deputy sheriff. Among others, Morris told Kasling he would give one thousand dollars for the arrest and conviction of the party committing the burglarly, and Kasling informed Sim-

mons of the reward offered, and requested him to go with him in search for the thief. Rand, Taylor and other parties also mounted horses and went in different directions to try to find the burglar or burglars, the hope of the reward being the immediate inducement.

Kasling and Simmons mounted horses and rode some miles in the country in search of the burglar or burglars, and on their return saw a man on foot, near the road, whom they accosted and finally informed that they must search him. They were ready with their pistols and "got the drop on him," fortunately, or doubtless one or both of them would have been shot; for, on forcing him to hold up his hands, they found two pistols on different portions of his person, to one of which he had motioned his hand; and also conclusive proof that he was a burglar, besides the whole of the stolen money, and a pistol that had been stolen the same night of the house burglary from another store in Linden that had been broken into. They arrested him without warrant or affidavit and took him at once to Linden and lodged him in jail. Kasling then made the necessary affidavit and procured warrant, and on trial the prisoner waived an examination and was by the magistrate committed, to answer the charge of the burglary of Morris's store and safe. At the ensuing term of the district court of Cass county, Texas, the prisoner, James Sanders, was duly indicted for the burglary and theft in Morris's store (and for other felonies committed the same night); and was tried and convicted, E. S. Kasling being present and testifying in behalf of the State. Morris disobeyed the process of the State and left the country to avoid testifying against him. Sanders was duly convicted of said offense and consigned to the penitentiary.

After the conviction of Sanders appellants went to Morris, and demanded the one thousand dollars reward. Morris at first evaded and asked delay, and time to see his attorney. He finally refused to pay, whereupon appellants brought this suit, which was submitted to the court, without a jury, on the above facts, and was decided against appellants and in favor of Morris, both on the law and the facts; and appellants have taken this appeal.

The foregoing statement adopted from the brief of the appellants, presents a fair and reasonably full statement of the case shown in the record.

The statement of facts shows that Morris offered the reward as alleged. The offer was public and repeatedly made, and in several instances it was accompanied by special request to parties to act upon it and to engage in the search for the guilty party. In one or more instances he was asked if he was serious in making it, and he replied he "was, and had the money to pay it."

Unquestionably, such an offer, when and after it has been acted upon, becomes binding upon the party making it. (Hayden v. Sanger, 56 Ind., 46.) It is not disputed that Kasling and Simmons acted upon the offer and arrested Sanders, who was subsequently convicted for the offense of burglary in breaking open and stealing from Morris's store house.

Morris, the defendant, testified to his suspicions, which he told to others, that the burglary was another "Keating affair," meaning that he thought it had been committed by persons residing in the neighborhood; that he had named one as suspected, and that he thought three or more persons had been engaged in the crime; and substantially that his motive for making the offer was to rid the neighborhood of dangerous criminals.

However true his testimony may have been, the testimony of many witnesses supports the allegations in the petition, and that these motives in fact formed no part of his public offer. That offer did not restrict the reward so that it was to be given upon the detection, arrest and conviction of the village blacksmith and his supposed associates as the guilty party. Nor would Kasling's knowledge of the motives inducing to the offer, or the direction of Morris's suspicions of itself alter the terms of the public offer or prevent Kasling from acting upon it.

Of course, if in the private conference between Morris and Kasling, the latter was informed that the offer was restricted, it would, to that extent, require notice by Kasling. It is noted, however, that Kasling distinctly denies the statement made by Morris as to the conversation between them before the arrest. What passed in that conversation is a question of veracity between the two interested parties. Nor were the plaintiffs disqualified from earning and exacting the reward under the offer by reason of the fact that Kasling was constable of the beat in which the arrest of Sanders was made. Kasling requested Simmons to arm himself and join in the search, assuring him of the offered reward. It appears that the arrest was

made several miles from the county seat; was made without warrant. Kasling had not seen the offense committed, nor had he any information that Sanders was the guilty party other than his own suspicions when they met on the road. The act was not required by his official duty.

It is well recognized that an officer is not entitled to reward beyond his legal fees for the performance of an act which it is his official duty to perform. The employment and payment for extra official work, though incident to his official duty, is not against public policy. Detective work usually is directed to the task of hunting up the perpetrator of some offense where the ordinary machinery of the courts needs such aid. This work is only incidental to the official duty of the constable or sheriff. (Rev. Stats., art. 4537; Code Crim. Proc., arts. 44, 45; Addison on Cr., 18.)

The testimony shows that the offer was made and its terms met, by a great preponderance in the testimony, so great that the judgment should be reversed.

*Reversed and remanded.*

**Opinion delivered October 26, 1888.**