TOBIN et al. v. McCOMB et al.

(Court of Civil Appeals of Texas. San Antonio. March 26, 1913. On Motion for Rehearing, April 23, 1913.)

1. REWARDS (§ 11*) — PERSONS RECEIVING— PEACE OFFICERS.

Where persons who were peace officers did not investigate a murder or make an arrest upon warrant, and did not see the murder committed, and the persons arrested and convicted made no effort to escape, such persons in causing the criminal's arrest and conviction were not acting as peace officers, so as to be precluded from claiming a reward.

[Ed. Note.—For other cases, see Rewards, Cent. Dig. §§ 14, 15; Dec. Dig. § 11.*]

2. REWARDS (§ 15*)—TRIAL (§ 255*)—ACTIONS TO RECOVER—INSTRUCTIONS—APPLICABILITY TO ISSUES.

An instruction in an action for a reward for procuring the conviction of criminals that plaintiffs were acting together in rendering the services, and that their recovery would be joint, was not erroneous as being inconsistent with the claim that they were working with a third person; it being for the other party to request a charge embodying that fact, if desired.

[Ed. Note.—For other cases, see Rewards, Cent. Dig. §§ 21–24; Dec. Dig. § 15;* Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

3. REWARDS (§ 8*) — PERFORMANCE OF SERVICES—SUFFICIENCY.

One can claim a reward for procuring the conviction of criminals, where he has been the moving cause in accomplishing that purpose,

and has substantially complied with the terms of the reward.

[Ed. Note.—For other cases, see Rewards, Cent. Dig. §§ 9–12; Dec. Dig. § 8.*]

4. REWARDS (§ 8*) — PERFORMANCE OF SERVICES—SUFFICIENCY.

An offer of a reward as for the conviction of criminals is governed by the rules which apply to other contracts, and a claimant must bring himself within the terms of the offer.

[Ed. Note.—For other cases, see Rewards, Cent. Dig. §§ 9–12; Dec. Dig. § 8.*]

5. REWARDS (§ 7*) — PERFORMANCE OF SERVICES—KNOWLEDGE OF OFFER.

One cannot claim a reward offered for procuring the conviction of criminals, unless he knows that it has been offered.

[Ed. Note.—For other cases, see Rewards, Cent. Dig. § 7; Dec. Dig. § 7.*]

6. REWARDS (§ 8*) — PERFORMANCE OF SERVICES —SUFFICIENCY.

Communications of a suspicion by one not required by law to make an arrest would not entitle a claimant to participate in a reward offered for procuring the conviction of a criminal, even though the person suspected is arrested and convicted.

[Ed. Note.—For other cases, see Rewards, Cent. Dig. §§ 9–12; Dec. Dig. § 8.*]

7. REWARDS (§§ 8, 15*) — PERFORMANCE OF SERVICES — SUFFICIENCY — QUESTION FOR JURY.

If one is induced to make an investigation of a crime because of a reward offered, and pursuant to the reward causes an arrest to be made which leads to a conviction, he is entitled to the reward; whether he has done such things being a question for the jury.

[Ed. Note.—For other cases, see Rewards, Cent. Dig. §§ 9–12, 21–24; Dec. Dig. §§ 8, 15.*]

8. REWARDS (§ 8*) — PERFORMANCE OF SERVICES—PARTIAL PERFORMANCE.

One who performs services leading to the conviction of a criminal jointly with others is entitled to the reward offered for such conviction; it not being necessary that he perform the whole services, even though the various persons who participated in the work had no knowledge that the others were investigating the crime.

[Ed. Note.—For other cases, see Rewards, Cent. Dig. §§ 9–12; Dec. Dig. § 8.*]

9. REWARDS (§ 15*)—ACTIONS—INSTRUCTIONS—CONFORMITY TO EVIDENCE.

Where more than one of the parties claimed to be the sole moving cause of an arrest and conviction, and there was some evidence in support of their claims, it was error in an action for a reward offered therefor to charge that none of the parties under the evidence was alone entitled to recover the whole reward.

[Ed. Note.—For other cases, see Rewards, Cent. Dig. §§ 21–24; Dec. Dig. § 15.*]

10. JUDGMENT (§ 199*)—JUDGMENT NON OBSTANTE VEREDICTO.

The district court does not have power to render judgment non obstante veredicto.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 367–375; Dec. Dig. § 199.*]

Appeal from District Court, Webb County; J. F. Mullally, Judge.

Action by T. M. Mills and another against Robert McComb and others, in which John W. Tobin and others were impleaded. From a judgment for a part of plaintiffs and defendants, Tobin and others appeal. Affirmed in part, and reversed and remanded in part.

Hamilton & Mann, of Laredo, for appellants. C. L. Bass and Hicks, Hicks & Teagarden, all of San Antonio, and A. Winslow, of Laredo, for appellees.

TALIAFERRO, J. This was a suit for a reward offered for the arrest and conviction of the person or persons who murdered G. J. Levytansky at Laredo, Tex., in December, 1911.

T. M. Mills and Edwin F. Vanderbilt filed the suit against Robert McComb, W. H. Gilmore, Robert Rumsey, James McGloin, Mike Brennan, Gonzalo Eguillor, Fernando Vasquez, and Sam McKenzie, alleging that, knowing of such offer of reward and acting thereon, they had caused the arrest and conviction of Lonnie Franks and J. B. Compton for the said crime. They sought to recover the full sum of $2,500 from McComb, who offered the reward. The other defendants were made parties upon the allegation that they were claiming that they were entitled to receive the reward. Defendant McComb answered, admitting the offer of reward, and stated that he held the same subject to the order of court. He prayed for an allowance of $250 for his attorney's fee in this case, and impleaded J. W. Galbraith, S. H. Crutcher, and J. W. Tobin, upon the ground that they also claimed the reward, and asked the court to adjudicate the rights of all the parties. All the parties appeared and set up their claims to the reward, except J. W. Galbraith, who disclaimed any interest therein, and said he was acting only as agent of J. W. Tobin. It was alleged by plaintiffs that all the parties defendant except McComb were peace officers and employés of the government, and that it was therefore their legal duty to arrest Franks and Compton. To this it was answered by defendants that, if they were peace officers, they were upon this occasion not acting as such, and were not in duty bound or permitted to act as such. The case was tried before a jury and verdict and judgment were rendered as follows: For E. F. Vanderbilt and T. M. Mills $675, for Rumsey and McGloin $675, for Gonzalo Eguillor $675, for S. H. Crutcher $225, that the other defendants take nothing, and that defendant McComb be allowed $250 as attorney's fees. The costs were adjudged against those recovering in proportion to the amounts recovered.

It appears that on the night of December 22, 1911, G. J. Levytansky, a resident of Laredo, Tex., was murdered in his store in that town. His body was discovered on the following morning. A reward of $2,500 was offered by Robert McComb, mayor of Laredo, "for the arrest and conviction of the person or persons" who committed the murder. On December 26, 1911, Lonnie Franks was arrested in San Antonio, and on December 28, 1911, J. B. Compton was arrested in Laredo.

Both these parties were tried, convicted, and sentenced for the murder of Levytansky. It is not necessary to further state the facts in this case, as it must be reversed upon questions of law. Suffice it to say that the evidence is conflicting, and shows that in one way or another each of the parties to the suit was connected with the investigation of the murder of Levytansky. Whether their services performed were such as to entitle them to participate in the reward offered for the arrest and conviction of the murderers must be determined by the trial court or by a jury under proper instructions from the court.

Appellants, by their assignments of error from 1 to 5 inclusive, complain of the following charge given by the court to the jury: "You are instructed that, under the law of this state, peace officers of the state, county, or city who are charged with the duty and authorized to make arrests are not allowed to receive rewards for any official act performed by them within the scope of their employment. You will therefore return your verdict that the defendants Fernando Vasquez, Sam McKenzie, Mike Brennan, J. W. Tobin, and W. H. Gilmore take nothing," because the said charge did not present the law applicable to the facts in this case. This assignment is sustained. The charge complained of was erroneous. It is the rule in this state that a peace officer who, acting within the line of his official duty, makes arrest of a criminal, cannot recover a reward which has been offered for the arrest of such person. This rule is sound, and is based upon the principles of public policy, but it does not apply when the act of the officer is performed as a private citizen, and clearly without the line of his official duty. The limits of such official duty have been clearly defined by the Supreme Court of this state. The arrest must have been made upon the verbal order of a magistrate, for an offense committed in the presence of the officer, upon a warrant from a proper tribunal, or upon the representation of a creditable person that a crime has been committed, and that the offender is about to escape so that there is no time to procure a warrant.

[1] The evidence in this case shows that the parties to this suit who were peace officers were none of them acting within the scope of their duty in the services they performed. At no time did a warrant issue for any one's arrest. No magistrate ordered an arrest made. No one saw the murder committed, and neither Franks nor Compton made the slightest effort to escape. Therefore the officers were acting, not within their official duty, but independently. They rendered themselves liable for false arrest if they chanced to arrest the wrong man, and subjected themselves to the danger of suits for damages. It is clear, therefore, that none of them come within the rule which denies peace officers to participate in rewards offered for the arrest of criminals. Morris v. Kasling et al., 79 Tex. 141, 15 S. W. 226, 11 L. R. A. 398; s. c., 71 Tex. 584, 9 S. W. 739, 10 Am. St. Rep. 797, and cases there cited; Smith v. Vernon County, 188 Mo. 501, 87 S. W. 949, 70 L. R. A. 59, 107 Am. St. Rep. 324; Bronnenberg v. Coburn, 110 Ind. 169, 11 N. E. 29; Pilie v. New Orleans, 19 La. Ann. 274; Gregg v. Pierce, 53 Barb. (N. Y.) 387.

[2] It was not error, as contended by appellants in their sixth assignment of error, for the court to charge the jury that the two plaintiffs, Mills and Vanderbilt, were acting together, and that the act of one was the act of the other, and that if they recovered they would recover jointly. This charge was not inconsistent with the claim that they were working under or with Tobin, and, if appellants wanted that issue presented to the jury, a proper charge submitting the facts should have been asked.

[3-7] It was not error, as contended by the appellants in their seventh assignment of error, for the court to charge the jury as follows: "The offer of reward for the arrest and conviction of the perpetrator of a crime is construed to mean that the reward will be paid to the person or persons who first give information which acted upon and which is the moving cause or effective means of bringing about the arrest and conviction." This charge correctly states the law so far as it goes, and appellants cannot complain that it goes no further without showing that they asked a special charge on the subject. Such a reward can only be claimed by a person who has substantially complied with the terms and conditions of the reward as it is offered, and who has been the moving cause of the accomplishment of the purposes for which the reward was offered. The obligation to pay a reward rests upon contract; and, unless the facts show that the claimant has brought himself within the terms of the offer as it was made, he cannot recover. There can be no substantial difference between the rule in cases of reward and that which would control in other cases of contract. There must be such a condition as to show a meeting of the minds of the parties. In the first place, a claimant must know that the reward has been offered. Broadnax v. Ledbetter, 100 Tex. 375, 99 Pac. 1111, 9 L. R. A. (N. S.) 1057; Stamper v. Temple, 6 Humph. (Tenn.) 113, 44 Am. Dec. 296. And, having the reward in mind, he must perform the service required by the offer and in substantial accord with the terms of the offer. As to whether a person who simply gives information concerning a crime, which is of assistance in the apprehension of the criminal, is entitled to participate in the reward, the authorities are in conflict. But the weight of authority seems to be that he will not be unless the information is given in furtherance of an intent to effect the arrest,

or other purpose of the reward, and is given to an officer or other person, with the expectation that such person will make the arrest or perform such other service as it may be necessary to perform in furtherance of the design. The communication of a mere suspicion to a person not required by law to make arrests cannot entitle a claimant to participate in a reward, even if it subsequently transpires that such suspicions were well founded and the very person suspected is arrested and convicted. McClaughry v. King (U. S. C. of A.) 147 Fed. 463, 79 C. C. A. 91, 7 L. R. A. (N. S.) 216, 8 Ann. Cas. 856; Haskell v. Davidson, 91 Me. 488, 40 Atl. 330, 42 L. R. A. 155, 64 Am. St. Rep. 254; Kinn v. First Nat. Bank, 118 Wis. 537, 95 N. W 969, 99 Am. St. Rep. 1012; Everman v. Hyman, 3 Ind. App. 459, 29 N. E. 1140; Williams v. West Chicago St. R. Co., 191 Ill. 610, 61 N. E. 456, 85 Am. St. Rep. 278; Lovejoy v. Railway, 53 Mo. App. 386. The language of the offer of reward, however, cannot be taken literally. It could not be contemplated that one making an arrest would also convict. A conviction requires the interposition of a court, and to say a person, to earn the reward, must literally convict the accused would be palpably absurd. If a person, because of the reward, is induced to make an investigation, and in doing so learns facts sufficient to justify arrest and cause conviction, and with the reward in mind does cause an arrest which leads to a conviction, he is entitled to the reward. Whether such a condition exists is a question of fact, and is for the jury. Haskell v. Davidson, supra.

[8] Appellants' tenth assignment of error complains that the court refused to grant a new trial upon the ground that the evidence shows that Mills, Vanderbilt, and Crutcher were working as the agents or employés of Tobin. The evidence upon this point is not without conflict. It is well settled that the claimant for a reward to recover need not have performed the whole service alone, but may have performed the service jointly with others or through his servants or agents. Shuey v. United States, 92 U. S. 73, 23 L. Ed. 697; Heather v. Thompson (Ky.) 78 S. W. 194; Montgomery County v. Robinson, 85 Ill. 174.

In their assignments from 12 to 15, inclusive, appellants contend that they and Rumsey, McGloin, and Brennan were the only persons who accepted and performed the conditions of the reward. It is settled, as stated above, that a number of persons, either working together or separately, may render services of such a nature, and so comply with the terms of the offer, as to entitle them each separately or all jointly to share in the reward. When the evidence shows that no one of the claimants fully met the requirements of the offer of reward, but that their efforts combined fully complied with its terms, though they were working separately, and even without knowledge of each other,

they may receive a division of the reward in proportion to their services. What services were rendered and what proportion of the reward each should receive are questions for the jury to determine from the evidence under appropriate charges from the court. Rochelle v. Pacific Express Co., 56 Tex. Civ. App. 142, 120 S. W. 543; 34 Cyc. p. 1750; Kinn v. Bank, 118 Wis. 537, 95 N. W. 969, 99 Am. St. Rep. 1012; Fargo v. Arthur, 43 How. Prac. (N. Y.) 193.

[9] It was error, as complained of in these appellants' ninth assignment of error, for the court to charge the jury that none of the parties to the suit under the evidence was alone entitled to recover the whole reward. More than one of the parties claimed to be the sole promoting cause of the arrest and conviction, and there was some evidence to support these claims. The sufficiency of that evidence to establish the claim of any one of the parties was for the jury to determine and the court erred in assuming the contrary as a matter of law.

[10] Appellees Mills and Vanderbilt complain in their first cross-assignment of error because the court refused to render judgment in their favor non obstante veredicto. This was not error. Under our practice the trial court has not the power to enter such a judgment. For a clear and exhaustive discussion of this doctrine, see Fant v. Sullivan, 152 S. W. 515.

These appellees' second cross-assignment complains that the court refused to give a peremptory charge in their favor. This was not error. The evidence was conflicting upon several material matters.

The third cross-assignment assails the general charge of the court wherein he informed the jury that under the evidence plaintiffs alone were not entitled to recover the whole reward. This charge was upon the weight of the evidence, and should not have been given as stated in reference to appellants' ninth assignment of error. Upon another trial, if the evidence is the same, the court will submit to the jury the issue of the respective rights of the claimants to recover.

For the errors above indicated, the judgment of the lower court is reversed and the cause remanded.

### On Motion for Rehearing.

The motion for rehearing by appellee Robt. McComb is granted. It is urged that this court erred in reversing this cause as to the $250 attorney's fees allowed by the trial court to McComb, the offerer of the reward. The contention is correct. This fee was fixed by the verdict of the jury, and allowed by the court, and no one made complaint thereof. This was overlooked by this court. The original opinion is reformed to that extent, and the judgment for the $250 attorney's fee is affirmed.

The motion for rehearing filed by appellees Mills and Vanderbilt is overruled.