GENESEE COUNTY *v.* PAILTHORPE.

1. REWARDS—OFFER AND ACCEPTANCE—CONTRACTS.

The offer of a reward is a proposal to the public, and he who accepts the proposal and furnishes the necessary information thereby enters into a contract.

2. SAME—WHERE SEVERAL EARN REWARD IT SHOULD BE APPORTIONED.

Where the information furnished proximately contributes to the arrest and conviction of the guilty party, the reward is earned, and where several furnish information which proximately contributes to that result, the reward may be apportioned among them.

3. SAME—GIVING INFORMATION AFTER AS WELL AS BEFORE REWARD OFFERED.

One furnishing information contributing to the arrest and conviction of the guilty party after knowing of the offer of a reward, as well as before, is entitled to share in it.

4. SAME—INFORMATION FREELY GIVEN OFFICER ENTITLES INFORMER TO SHARE IN REWARD.

That claimant freely told the officer all he knew, leading to the arrest and conviction of the guilty party, entitling claimant to share in the reward offered, *held*, established by the record, as against the insinuation of the officer that he wormed the information out of claimant.

Appeal from Genesee; Brennan (Fred W.), J. Submitted January 25, 1929. (Docket No. 87, Calendar No. 34,167.) Decided March 29, 1929.

Bill of interpleader by Genesee county, a municipal corporation, against Mark Pailthorpe, Thomas L. Kelley, Henry Munger, Harold Lotridge, S. S. Robinson, Archie Bacon, and William Laurence to determine right to a reward. From decree for de-

---

On the question as to necessity of prior knowledge of reward as a condition of earning the same, see annotation in 9 L. R. A. (N. S.) 1057; L. R. A. 1916 A, 1279.

fendants Robinson and Bacon, defendant Lotridge appeals. Modified and affirmed.

*Farley & Elliott,* for defendant Bacon.

*Gault & Parker,* for defendant Robinson.

*Miner & Miner (Leon F. Miner,* of counsel), for defendant Lotridge.

FELLOWS, J. On January 12, 1928, Dorothy Schneider, a little school girl, was murdered in Genesee county. On the forenoon of the following day the board of supervisors offered $1,000 reward for information leading to the arrest and conviction of her murderer. On January 16th, Adolph Hotelling of Owosso was arrested, charged with the commission of the crime, and two days later pleaded guilty and was sentenced to Marquette prison for life. The seven parties named as defendants herein claimed the reward. Thereupon the county filed this bill of interpleader. Defendants Pailthorpe, Kelley, and Munger were officers; they were apparently advised that they were not entitled to any share of the reward as they made no claim for it in court, and their defaults were properly entered. Defendant Laurence was allowed no share of the reward, and has not appealed. Defendants Bacon and Robinson were decreed the award, share and share alike. Defendant Lotridge alone appeals. It will, therefore, be seen that only the facts and law applicable to the claims of Bacon. Robinson, and Lotridge are of importance.

Counsel do not seriously disagree as to the applicable law. Mr. Justice STONE, in an exhaustive opinion in *Bloomfield* v. *Maloney,* 176 Mich. 548 (Ann. Cas. 1915B, 662), reviewed the authorities at

length. But little could be added to that opinion.
The offer of a reward is a proposal to the public.
He who accepts the proposal and furnishes the nec-
essary information thereby enters into a contract.
Where the information furnished proximately con-
tributes to the arrest and conviction, the reward is
earned, and where several furnish information
which proximately contributes to that result, the
reward may be apportioned among them. Having
these rules in mind, we will take up the facts rela-
tive to each of the defendants.

Defendant Bacon lived near the scene of the mur-
der. On the day of and shortly after the murder,
a man (afterwards proven to have been Hotelling)
got stuck in the mud in the highway near the Bacon
home. Mr. Bacon worked with him for some time
in getting him out of the mud, observed his machine,
his clothes, and his appearance. As soon as the
murder was discovered, Mr. Bacon freely communi-
cated with the officers. It is urged against his claim
for the reward that, inasmuch as he gave informa-
tion before the reward was offered, he does not
bring himself within the rule above announced. It
is urged that, to bring himself within the rule, the
reward must have been offered, the informer must
have known of it, and furnished the information in
reliance thereon. Unquestionably, the rule con-
tended for is sound. But the record convinces us
that Bacon furnished information, and information
which materially aided in bringing about the result,
after, as well as before, he had knowledge that the
offer was made. He was at the beck and call of the
officers day and night, constantly giving them in-
formation, the last occasion being when he informed
them that Hotelling, who was then in the Flint jail
and whom he was called to identify, was the man

he helped out of the mud on the day of the murder. We approve the following language of the court in *Hoggard* v. *Dickerson,* 180 Mo. App. 70 (165 S. W. 1135):

"While it is true that a person cannot claim a reward where the services were performed without the knowledge of the reward being offered or where he had no intention of claiming the reward, 24 Enc. of Law (2d ed.), 958; 34 Cyc. 1752; yet, a performance begun without any knowledge of the reward being offered, or even before the reward is offered, when completed after such knowledge, entitles the party to the reward."

Mr. Bacon is entitled to at least a share in the reward. We have not overlooked the able opinion in the interesting case of *Smith* v. *State,* 38 Nev. 477 (151 Pac. 512, L. R. A. 1916A, 1276), in which it is held that where the offer is made by the public, it is not necessary that the informant know of it. Under our view of the facts we find it unnecessary to decide whether the general rule should be modified in cases where the reward is offered by public officials.

Hotelling was a man of good standing in Owosso, where he lived. He was a member and officer of the Church of Christ of that city. Lotridge knew him and belonged to the same church. Lotridge was a young man, a carpenter by trade, and at this time was at work on a schoolhouse job at Flushing, to which place he drove each day. The description of the man Bacon helped out of the mud had been printed in the newspapers and broadcasted. On the morning of January 16th, after he awoke and before he got up for the day, it came to Lotridge that the description he had read and heard of fitted Hotelling. He communicated this to his wife, who advised

caution. Hotelling's standing as a citizen and churchman argued against his guilt. However, when he arrived on the job, he talked with his foreman. Robinson, who was in the schoolhouse, overheard a part of this conversation. He tried to persuade Lotridge to give him the man's name and his residence, offering to go and get the man and split the reward. He was a stranger to Lotridge, and Lotridge declined to give him further information. Robinson left the school building and got into communication with the sheriff's office, with the result that defendant Pailthorpe, a deputy sheriff, came out to Flushing. Precisely what the conversation was between this officer and Lotridge is in dispute, although on broad essentials, and, when sifted by cross-examination, the main facts cannot be said to be in dispute. So far as the testimony of the officer is in conflict with that of Lotridge and another workman, perfectly disinterested, who was present when it took place, we shall accept that of the young man who follows the trade and the teachings of the Carpenter of Nazareth, and that of his fellow workman. Their testimony breathes an air of sincerity; that of the officer an air of bombast. While the officer showed a disposition to satisfy the court, and probably the spectators, that he was a superior detective, and by force had procured a statement from Lotridge implicating Hotelling, resulting in the latter's arrest and conviction, we are satisfied that Lotridge, knowing of the reward, freely told the officer all he knew. All three of the parties present agree that Lotridge told the officer that Hotelling answered the description, that he lived in Owosso, that he lived on Hickory street, that he owned a Dodge car corresponding to the description given by Bacon, and that he wore clothes and a cap similar to the ones.

worn by the man Bacon helped out of the mud. We are satisfied that this information was not wormed out of Lotridge, as the officer insinuates rather than substantiates, but that it was freely given in hopes of participating in the reward.

The decree will be modified by providing for an equal distribution among defendants Bacon, Robinson, and Lotridge after appellant's costs of this court have been first paid from the fund.

NORTH, C. J., and FEAD, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.