

# The Attorney General of Texas

September 9, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

James P. Hury, Jr.
Criminal District Attorney
Galveston County Courthouse
Galveston, Texas   77550

Opinion No. MW-236

Re: Authority of a deputy sheriff to act as an independent contractor in his off-duty hours to transport funds from a road district's toll bridge to the bank

Dear Mr. Hury:

You have requested our opinion regarding the authority of a deputy sheriff to act as an independent contractor to collect and deposit funds generated by a road district's toll bridge.

Galveston County Road District No. 1, created in 1957, Acts 1957, 55th Legislature, chapter 66, at 152, operates the San Luis Pass-Vacek Bridge, a toll facility. On January 1, 1980, the District entered into a written contract with a Galveston County deputy sheriff to collect the bridge tolls at designated intervals and deliver such funds as directed. The contract specified that the deputy would "provide personal automobile and own personal time for this service." You first ask whether the Road District is a subdivision of Galveston County. In Hill v. Sterrett, 252 S.W. 2d 766, 769 (Tex. Civ. App. - Dallas 1952, writ ref'd n.r.e.), the court declared:

> 'A road district is but a subdivision of the county, created for the purpose of taxation within the district for county purposes, that is, the construction of roads. The affairs of the district are almost exclusively conducted by the commissioners' court, and for all practical purposes it is a branch or subdivision of the county within its territorial limits.'

In our opinion, this rationale is applicable to Galveston County Road District No. 1. It is therefore our view that the Road District is a subdivision of Galveston County.

You also ask whether the deputy sheriff may be paid compensation in addition to his regular salary for transporting road district funds. It is clear that a peace officer is not entitled to any compensation, other than fees and salary, for performing acts which it is his official duty to perform. Kasling v. Morris, 9 S.W. 739, 740 (Tex. 1888); Crosby County Cattle Co. v.

McDermett, 281 S.W. 293, 294 (Tex. Civ. App. - Amarillo 1926, no writ). No statute, however, imposes upon sheriffs or their deputies the duty of collecting and transporting road district funds. The commissioners court itself contends that the deputy is not acting within the scope of his official duties when he performs these pick-ups. In addition, he performs these acts on his own time and with his own automobile. Finally, in Kasling v. Morris, supra, the Supreme Court held that even detective work which results in the apprehension of a burglar "is only incidental to the official duty of the constable or sheriff," and that, as a result, he may accept a reward from a private individual. Since collecting and transporting road district funds is not a duty required of him by law, cf. Attorney General Opinion O-773 (1939), we believe the Road District may contract to pay the deputy additional compensation for such services. See Attorney General Opinion O-5586 (1943). We note that City of Edinburg v. Ellis, 59 S.W. 2d 99 (Tex. Comm'n. App. 1933) contains dictum stating that municipal contracts in which officers or employees of the city have a personal pecuniary interest are void. The opinion was not adopted by the Supreme Court, and an examination of the authorities cited by the court for this proposition indicates that the rule is intended to apply where the public official or employee making the contract on behalf of the governmental body is himself a beneficiary of the contract. That situation is not present here since the deputy does not have the power to make the contract on behalf of the governmental body or influence the making of the contract. See 10 E. McQuillin, Municipal Corporations, §29.98 at 477-478 (3rd ed. 1966). Thus the principle discussed in City of Edinburg v. Ellis, supra, does not apply in this case.

## SUMMARY

Galveston County Road District No. 1 is a subdivision of Galveston County. The commissioners court of Galveston County may validly contract with a deputy sheriff to collect and deposit funds generated by the Road District's toll bridge.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Walter Davis
Susan Garrison
Rick Gilpin