BROOKS v. BURROW.

Opinion delivered May 5, 1924.

MORTGAGES—FORECLOSURE—ITEMIZED STATEMENT.—Where a mortgagor offered to redeem according to an agreement made prior to foreclosure but demanded an itemized statement which was promised but not furnished until after the mortgagor brought suit to enforce the agreement, *held* that the mortgagor's failure to challenge the statement and tender the amount admitted to be due called for a judgment for the mortgagee.

Appeal from Lincoln Chancery Court; *John M. Elliott,* Chancellor; affirmed.

*Rogers, Barber & Henry* and *Coulter, McHaney & Coulter,* for appellant.

1. The consideration for the agreement forming the basis of this suit was that appellant would refrain from interposing any defense in the foreclosure suit in order that the cause might be readily disposed of, to the end that appellee might use the property as security for a loan. This afforded sufficient consideration. 27 Ark. 407; 31 Ark. 634; 106 Ark. 4, and cases cited.

2. Appellant has not forfeited his right to enforce the agreement. It is conceded that no absolute or technical tender was made, but that was excused by appellee's failure to furnish a statement of the account, whereby he made it impossible for appellant to make an absolute tender. Appellant was under no necessity to make payment when the statement was actually furnished after the suit was brought, which showed a total amount of approximately $25,000 more than was due. 19 Ark. 39; 50 Ark. 322.

*Owens & Ehrman,* for appellee.

Appellant not only did not tender the money during the time granted him, but stated positively that he was unable to raise it, and would have to lose the place. He made no demand for a statement until after the time had expired. Assuming that there were items in the account when it was furnished which were objectionable, it was possible for appellant to have tendered some

amount under the claim that that was all that was due. There is no such part performance or proof of a contract to convey here as will justify a court of equity to decree a specific performance. 109 Ark. 310; 63 Ark. 100. Time is of the essence of every option to purchase real estate, and appellant, having failed to exercise his right to repurchase prior to January 1, 1922, has lost that right. 82 Ark. 573; 135 Ark. 384.

HUMPHREYS, J. Appellant instituted suit on March 21, 1922, against appellee, in the chancery court of Lincoln County, to enforce the specific performance of an agreement between them for appellant to redeem certain lands and personal property in said county from a decree of foreclosure and sale, obtained by appellee in said court, and for an accounting between the parties.

Appellee filed an answer, denying that appellant had complied with the requirements of the contract for redemption and thereby placed himself in a position to demand an accounting and a specific performance of the contract.

On January 18, 1923, the cause was submitted by the court on the pleadings and testimony, which resulted in the dismissal of appellant's bill for want of equity, from which is this appeal.

The following undisputed facts are reflected by the record: three mortgages were executed by appellant upon a plantation owned by him in Lincoln County to secure large sums of money which he had borrowed. The first mortgage was to W. C. Hudson, trustee for C. H. Triplett, to secure $24,000. The second and third mortgages were executed to appellee to secure $35,000. Triplett instituted suit to foreclose his mortgage, and made appellee a party defendant thereto. Appellee set up his mortgages, and asked that all three mortgages be foreclosed. The decree of foreclosure and order of sale was rendered on April 4, 1921, and on May 6, 1921, all the property, both real and personal, was sold pursuant to the decree, and was purchased at the sale by appellee. Prior to the rendition of the decree and sale, appellant

and appellee entered into an agreement whereby appellant should have a right to redeem the property from the sale.

The record reflects a conflict in the testimony as to the amount to be paid, the time within which it should be paid, and whether an offer, in good faith, was ever made by appellant to appellee to redeem the property from the sale.

Appellant testified that he was given until January 5, 1922, to redeem the property from the sale by paying the amount of the judgment and costs, with accumulated interest, after deducting the value of the cotton on hand and the net value of the 1921 crop; that, in the fall of 1921, he made several efforts to get a statement of the amount he owed, but failed; that, about the middle of December, 1921, he got a verbal statement from Grover Owens, attorney for appellee, that $70,000 would redeem the property; that he raised that amount, and notified appellee, but demanded an itemized statement before paying same over; that appellee failed to make him such a statement; that he went to him on December 31, 1921, and demanded an itemized statement of the exact amount due, so that he could pay same and redeem the property; that appellee advised him to return Monday morning, January 2, 1922; that he returned on Monday morning, and was informed the time for redemption had expired, and that he told appellee he had until the fifth of the month to redeem under the contract, and that the time would never expire until he was furnished with an itemized statement of the amount due; that, on January 3, he was furnished a three-line statement that $79,000 was due, and was directed to go to the bookkeeper if he wanted a complete, itemized statement; that he went to the bookkeeper, and was told he could not get it up for a week; that an itemized statement was not furnished until April 10, 1922, nearly a month after this suit was brought.

Lewis Rhoton, attorney for appellant, testified that, on January 2, he notified Grover T. Owens that appellant had informed him that he had made financial arrange-

ments to redeem the property, and asked that a statement of the amount due be furnished him; that, on January 3, Mr. Owens brought him a three-line statement showing that $79,000 was due, which he gave appellant; that Mr. Owens stated there would be no effort made to deprive appellant of his right to redeem the property until an itemized statement was furnished.

Grover T. Owens testified that, at the time of the rendition of the decree of foreclosure, it was agreed, in the presence of the court, that appellee would buy the property at the sale, and permit appellant to repurchase it on or before January 1, 1922, by paying the mortgage judgment, expenses of the foreclosure and sale, the interest which would accrue, and all expenses incurred in making the 1921 crop, less the net price received for the crop; that appellant told him on December 31, 1921, and several times prior thereto, that he had been unable to raise the money to purchase the property; that he never informed appellant at any time that $70,000 would redeem the property, and never had his client make the statement during that year to appellant, because none was demanded; that Lewis Rhoton, attorney for appellant, telephoned him on January 2 that appellant had informed him he was ready to redeem the property, and asked for a statement; that, on January 3, he saw Mr. Rhoton, and explained to him that appellant's time within which to purchase the property had expired, and appellee had leased the plantation to J. O. Fant, but that, if appellant would assume the lease, he could purchase the plantation and personal property upon the same basis as before; that appellant was present, and stated that he had not raised the money, but could get it in ten days; that he asked him to deposit $10,000 to show good faith, or to pay the amount he admitted was due and they would arbitrate the amount that was in dispute; that appellant refused to deposit or to pay any amount; that he gave Mr. Rhoton a three-line statement showing that appellant owed appellee $79,000, and told him he would have appellee furnish an itemized statement later.

S. L. Ehrman testified, corroborating Mr. Owens in the main.

H. L. Gregg, who was appellee's bookkeeper, testified to the amount due, and attached an itemized statement to his deposition, showing that appellee was out altogether on the property $79,125.24, exclusive of the interest.

Appellee testified that appellant was given until January 1, 1922, to purchase the property; that he was. and had been willing at all times to resell him the lands within the time specified; that, on the last day of December, appellee told him he could not get the money to purchase the land; that, when he took the plantation over, after purchasing same at the judicial sale, the land was in very bad condition; that he spent no money on it except what was absolutely necessary in order to place it in cultivation.

Appellant's contention for a reversal of the decree dismissing his bill is that he offered to comply with the redemption contract when presented an itemized statement showing the correct amount due appellee, and that appellee never presented him with such a statement. Treating the time for redemption as waived by the conduct of appellee, and a money tender as waived by not demanding an actual tender, it was certainly incumbent upon appellant to tender the amount he knew he owed appellee, into court, when appellee furnished him an itemized statement on April 10, 1922. To say the least of it, when appellee furnished him with an itemized statement of the account he should have challenged the objectionable items and tendered into court the amount of the unobjectionable items. Instead of doing this, he contented himself with asserting, in a general way, that the statement was in excess of the amount he owed, without assailing any particular item of the statement and without tendering any amount into court. Under appellant's own statement it became his duty, when presented with the itemized statement, to state to the court what

he owed, and tender same, and request permission to litigate such items as he controverted.

Under this view it became unnecessary to determine the issues of fact presented by the conflicting testimony.

No error appearing, the decree is affirmed.