

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

April 15, 1966

Honorable Jules Damiani, Jr.    Opinion No.(C-661)
Criminal District Attorney
Galveston County               Re: Whether a county sheriff
Galveston, Texas                   may contract with an
                                   incorporated municipality
Dear Mr. Damiani:                  to provide police protection.

   Your letter requesting an opinion of this office sets
out the following situation:

  "There exists at the present time in the County of
Galveston a large unincorporated community which is in
the process, or contemplates, holding an election for
the incorporation of this particular community. The
citizens of the unincorporated area are pleased with
the degree and amount of law protection afforded to
them by our local Sheriff's Department. It is con-
templated that if the incorporation is successful that
the community thus incorporated would have to expend
large sums of money for police protection that is cur-
rently being provided by the Sheriff of Galveston
County.

  "There exists a plan by the incorporators where-
by if the community were incorporated, the community
would enter into a contract with the Sheriff of Gal-
veston County Texas agreeing to pay salaries of a
deputy, necessary expenses for patrol units, and all
other reasonable expenses expended by said Sheriff in
patroling the streets of the incorporated area. The
additional deputies which the Sheriff might appoint
under these provisions would of course be free to
patrol areas other than the incorporated municipality."

   You then requested an answer to the following
question:

  "Your opinion as to whether or not the Sheriff
may contract with this municipality, or the munici-
pality with the Sheriff for this /police/ protection
would be sincerely appreciated." (Insert added)

-3193-

In answer to your question, Article 977 of Vernon's Civil Statutes reads as follows:

> "The municipal government of the city shall consist of a city council composed of the mayor and two (2) aldermen from each ward, a majority of whom shall constitute a quorum for the transaction of business, except at called meetings, or meetings for the imposition of taxes, when two-thirds (2/3) of a full board shall be required, unless otherwise specified, provided that where the city or town is not divided into wards, the city council shall be composed of the mayor and five (5) aldermen, and the provisions of this title relating to proceedings in a ward shall apply to a whole city or town. The above-named officers shall be elected by the qualified electors of the city for a term of two (2) years. Other officers of the corporation shall be a treasurer, an assessor and collector, a secretary, a city attorney, a marshal, a city engineer, and such other officers and agents as the city council may from time to time direct, who may either be appointed or elected as provided by ordinance. The city council may confer the powers and duties of one or more of these offices upon other officers of the city."

Though there exist exceptions to the requirement set out in Article 977, Vernon's Civil Statutes, that the officers of an incorporated city shall include a city marshal /see Articles 999 and 999a, Vernon's Civil Statutes/, only cities with populations under 5,000 people come within those exceptions. Consequently, once an area is incorporated, it must provide a city marshal, unless it has a population under 5,000 people.

In Attorney General's Opinion V-70 (1947), it was held that a person could not serve as both a city marshal and a deputy sheriff since this would be dual office holding which is prohibited by Section 40 of Article XVI of the Texas Constitution.

Section 40 of Article XVI of the Texas Constitution reads in part:

> "No person shall hold or exercise at the same time, more than one civil office of emolument,....."

In addition, an incorporated city may not contract with a sheriff to provide police protection. A sheriff is elected from the county at large and has the duty of preserving the peace within the county.

Article 2.12 of the Code of Criminal Procedure provic

"The following are peace officers:  The sheriff and his deputies, constable, marshal or policemen of an incorporated town or city, the officers, non-commissioned officers and privates of the State Ranger Force and Department of Public Safety, law enforcement agents of the Texas Liquor Control Board, and any private persons specially appointed to execute criminal process.

And Article 2.13 of the Code of Criminal Procedure provides:

"It is the duty of every peace officer to preserve the peace within his jurisdiction.  To effect this purpose, he shall use all lawful means.  He shall in every case where he is authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime.  He shall execute all lawful process issued to him by any magistrate or court.  He shall give notice to some magistrate of all offenses committed within his jurisdiction, where he has good reason to believe there has been a violation of the penal law.  He shall arrest offenders without warrant in every case where he is authorized by law, in order that they may be taken before the proper magistrate or court and be tried.

In Attorney General's Opinion 0-773 (1939) it was held that a deputy sheriff could not receive extra compensation from the county or from third persons for the performance of acts within the scope of his official duties.  See Kasling v. Morris, 71 Tex. 584, 9 S.W. 739 (1888); Crosby County Cattle Co. v. McDermett, 281 S.W. 293 (Tex. Civ. App. 1926, no history. This holding was followed in Attorney General's Opinion Nos. 0-1565 (1939) and 0-5586 (1943).

Furthermore, the only police protection which cities, towns, and villages are authorized by statute to provide are police officers, special police force, city marshal and deputies Article 1003, Vernon's Civil Statutes, provides:

"No person other than an elector resident of the city shall be appointed to any office by the city council."

There is no provision whereby the city council of a incorporated city could contract with the sheriff or his depu ties to perform police functions. Where the contract would require the sheriff to perform the duties regularly required of city police officers and city marshals, he would in effect be holding two offices which is prohibited by Section 40 of Article XVI of the Constitution of the State of Texas.

The above statutory provisions concerning incorpor- ated cities apply to cities operating under general law chart ers. As concerns cities operating under home rule charters, Section 27 of Article 1175, Vernon's Civil Statutes, allows the home rule cities, "To provide for police and fire depart ments." However, as in the case of general law cities, any sheriff or deputy sheriff, performing the normal duties of an officer in a home rule city's police department, would be hol ing two offices which is in conflict with Section 40 of Artic XVI of the Constitution of the State of Texas.

We are, therefore, of the opinion that an incorpor- ated municipality may not contract with a sheriff to provide police protection.

## SUMMARY

Article 977, Vernon's Civil Statutes, requires an incorporated city to provide a city marshal. Such marshal may not also hold the office of sheriff or deputy sheriff.

It is the duty of the sheriff to preserve the peace within the county and he may not receive addi- tional compensation for the performance of acts within the scope of his official duties.

Section 40 of Article XVI of the Texas Constitu- tion prohibits a sheriff or his deputies from perform- ing additional duties under contract which are regularl performed by city police officers or city marshals.

Very truly yours,

WAGGONER CARR
Attorney General

By
    Wade Anderson
    Assistant

WA:mls

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
Dean Arrington
Ronald Luna
Phillip Crawford

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright